CHASE W. ATWELL *versus* SAMUEL B. GOWELL.

When the payee of a negotiable promissory note, tainted with usury, sells it for no more than the amount of money actually loaned thereon, with lawful interest, he will not be regarded as a recipient of illegal interest, although the maker has paid the full amount, including the usurious interest, to the indorsee.

ON REPORT.

CASE, to recover $111,21, money alleged to have been received by the defendant as usurious interest.

The writ was dated September 16, 1865.

It appeared in evidence, that the plaintiff received from the defendant the following sums of money, for which the

former gave the latter six negotiable promissory notes, as follows : —

Nov. 11, 1862, cash $200, note $208,50, payable in two months without int.
Dec. 1, 1862, " $534, 2 notes $286,50, each, " 60 & 75 days, "
Dec. 7, 1862, " $313, note $327, " 20 " "
Dec. 22, 1862, " $465, 2 notes $322, & $192, " 67 & 9 " "

It also appeared that, on Feb. 12, 1863, the plaintiff paid to the defendant, on one of said notes, $121 ; that, on the 27th of June following, he secured the notes by mortgage on personal property ; that the mortgage and notes were assigned to one Wood, on October 17, 1864, for seventy cents on a dollar, and their full amount paid by the plaintiff to Wood, Dec. 24, 1864.

After the evidence was all in, the case was withdrawn from the jury and continued on report, the Court to draw such inferences as a jury might, and to enter judgment, according to the rights of the parties.

*B. D. Verrill*, for the plaintiff.

This action being between the original borrower and lender, it matters not to whom the amount due on the notes was finally paid by the borrower. It is sufficient that the defendant has indirectly received or retained the illegal interest, and that plaintiff, the borrower, has paid it. *Webb* v. *Wilshire*, 19 Maine, 406. The attempted avoidance of the statute responsibility, by negotiating the notes at a discount, is contrary to the spirit of the laws. The statute must be so construed as to give it effect.

The law regards the extra interest as having been received by the defendant at the time it was paid by the plaintiff. *Stevens* v. *Lincoln*, 7 Met., 525.

*Howard & Cleaves*, for the defendant.

WALTON, J. — The law provides that if any person directly or indirectly receives or retains usurious interest, it may be recovered back in an action on the case. R. S., c. 45. Public Laws of 1862, c. 136.

This is such an action, and the question is whether pay-

ment to the assignee or indorsee of a negotiable note taint-
ed with usury, will authorize a suit against the original
holder, provided the latter, when he sold the note, received
from the purchaser no more than the amount of money
actually loaned with lawful interest.

We think it will not.   To maintain such an action the
plaintiff must show that the defendant has directly or indi-
rectly received or retained the usurious interest sued for, — a
proposition that cannot be maintained when in fact the de-
fendant has never received or retained from either the
maker or the purchaser of the note more than the amount
of money actually loaned and lawful interest.

The plaintiff in this case testifies that he gave the de-
fendant certain promissory notes in which was included usu-
rious interest, and that he afterwards paid those notes to a
person to whom the defendant sold them.   But there is not
only no evidence that the defendant received the full amount
due on them, but on the contrary the defendant swears that
he sold them at a discount so large that he did not obtain so
much money as he originally loaned the plaintiff, exclusive
of all interest, legal or illegal.   Surely such a state of facts
as these do not maintain the proposition that the defendant
is the recipient of illegal interest.

When, as in *Webb* v. *Wilshire*, 19 Maine, 406, the payee
of a note, tainted with usury, sells it for the full amount
due on it, and the maker afterwards pays that amount to
the holder, an action against the payee can be maintained,
because in such a case he has indirectly received the usuri-
ous interest.   But when, as in this case, the payee sells the
note for less than the amount due upon it, exclusive of usu-
rious interest, the proposition that he is the recipient of il-
legal interest cannot be maintained, and an action will not
lie against him.                    *Judgment for defendant.*

APPLETON, C. J., KENT, BARROWS, DANFORTH and TAP-
LEY, JJ., concurred.